# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HINES, | No. 2:17-CV-1634-DMC |
| Plaintiff, | |
| v. | ORDER |
| VA MATHER MEDICAL CENTER, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also Doc. 11 (October 11, 2018, order assigning case to Magistrate Judge for all purposes). Pending before the court is defendant's unopposed motion to dismiss (Doc. 12).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's original complaint (Doc. 1) against defendant VA Mather Medical Center. As the basis for this court's jurisdiction, plaintiff alleges: "U.S. Dept. Veteran Affairs." Id. at 4. For the statement of his claim, plaintiff alleges: "Involved in surgury [sic] medical malpractice." Id. at 5. Attached to plaintiff's complaint is a January 31, 2017, letter from the U.S. Department of Veterans Affairs regarding plaintiff's January 16, 2017,

1

request for reconsideration of the "denial of the above-referenced matter on December 27, 2016." Doc. 1, p. 7. Plaintiff does not allege when the surgery occurred.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). When the expiration of the statute of limitations is apparent on the fact of the complaint and any properly considered documents, the issue may be decided on a motion to dismiss. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

In its unopposed motion to dismiss, defendant argues the action must be dismissed for lack of jurisdiction because it was filed after expiration of the applicable statute of limitations. The court agrees.

As defendant notes, it is undisputed this case involves a claim against the United States federal government because defendant is a federal entity. A limited waiver of the United States' sovereign immunity is contained in the Federal Tort Claims Act (FTCA). See McRae v. Bairamian, 2018 WL 4071668, at *2 (E.D. Cal., Aug. 2, 2018). The terms of the United States' waiver of its sovereign immunity define the court's jurisdiction to entertain the suit. See United States v. Sherwood, 312 U.S. 584, 586 (1941). For actions such as the current case involving the alleged negligence of government employees, the FTCA vests the district court with exclusive jurisdiction. See D.L. v. United States, 858, F.2d 1242, 1244 (9th Cir. 2017).

Under the FTCA, before filing suit a plaintiff must exhaust administrative remedies. See 28 U.S.C. § 2675(a). Exhaustion is accomplished when the federal agency denies the plaintiff's tort claim in writing or fails to do so within six months of the tort claim being filed. See id.; see also D.L, 858 F.3d at 1244. Under the FTCA, claims must be presented to the appropriate federal agency within two years of the alleged injury. See 28 U.S.C. § 2401(b); see also Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008). The two-year statute of limitations is subject to equitable tolling if the plaintiff can establish: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance prevented timely filing. See Menominee Indian Tribe of Wisconsin v. United States, 136 S.Ct. 750, 755 (2016); see also DeJohn v. U.S. Department of Agriculture, 2018 WL 4204788, at *3 (E.D. Cal., Sept. 4 2018). A pro se litigant's lack of legal sophistication does not, by itself, constitute the required extraordinary circumstance. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

In this case, plaintiff attaches to his complaint an agency letter referencing the denial of a tort claim in December 2016. Given this, and because plaintiff's claim necessarily falls under the FTCA, the court may consider plaintiff's FTCA claim, attached as Exhibit 1 to the declaration of Alison Richards, Esq., filed in support of defendant's motion. See Lee, 250 F.3d at 688 (court may consider documents upon which the complaint necessarily relies but which are not attached to the complaint). Exhibit 1 is plaintiff's hand-written FTCA claim signed on October 18, 2016, regarding the surgery which is the subject of this lawsuit which occurred in October 2003. Because the two-year statute of limitations expired long before plaintiff even filed his FTCA claim in 2016 regarding the injury allegedly sustained in 2003, and because plaintiff has not presented any arguments suggesting the statute of limitations should be tolled, this court lacks jurisdiction to consider plaintiff's case.

///
///
///
///
///

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDRED that:

1. Defendant's unopposed motion to dismiss (Doc. 12) is granted;
2. This action is dismissed with prejudice; and
3. The Clerk of the Court is directed to enter judgment and close this file.


Dated: February 7, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE